Filed 4/1/16  P. v. Celis CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IZAEL C. CELIS,<br><br>    Defendant and Appellant. | B260622<br><br>(Los Angeles County<br>Super. Ct. No. KA098528) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Daniel B. Feldstern, Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Izael Celis (defendant) appeals his convictions for the transportation of cocaine base for sale and possession of cocaine base for sale, and the resulting six year sentence. Defendant contends that there was insufficient evidence to support his convictions, and that the trial court erroneously admitted two pieces of evidence: (1) evidence that he possessed cocaine two months before; and (2) gang expert testimony bearing on his guilt of the charged crimes. We conclude that none of defendant's arguments has merit, and accordingly affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2013, Los Angeles Police Department officers saw defendant sitting in the front passenger seat of a blue Nissan Maxima that was stopped in front of a known drug user's house. The drug user approached the car, leaned into the driver's side window, and returned to his house moments later. The car made two more stops; at each stop, someone was waiting to meet the car, that person got into the back seat, and within a minute, exited the car and walked away. Because this behavior looked like a "textbook" case of "call and delivery" drug sales, police detained defendant and the driver after they got out of the car in the parking lot of defendant's apartment complex. Police also searched the car and found a hidden compartment in the center console easily within the reach of the driver and passenger; inside the compartment was a loaded .38-caliber revolver, ammunition, individual baggies containing small amounts of cocaine powder and rock cocaine, and $10,000 in cash.

The People charged defendant with aiding and abetting the transportation and possession of cocaine base for sale. (Health & Saf. Code, §§ 11352, subds. (a), (c) & (d), 11351.5; Pen. Code, § 31). The People further alleged that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(A)) and that defendant was personally armed with a firearm (Pen. Code, § 12022, subd. (c)).

At trial, over defendant's objection, the People introduced two other pieces of evidence: (1) evidence that defendant had, a few months before the July 2013 sales, tossed to the ground a bundle of baggies containing small amounts of cocaine and rock

cocaine as a police officer approached him; and (2) testimony by a gang expert that defendant had identified himself as a member of the Bryant Street gang (Bryant Street) and had the street moniker of "Chicle"; that the facts of this case closely fit the pattern of call and deliver drug sales—that is, sales in which the passenger serves as a lookout and security for the driver who is making customer contacts and sales; and that Bryant Street was heavily involved in drug sales in the locality in which defendant and the driver made their four stops in July 2013.

A jury convicted defendant of both charges, and found the enhancement allegations true. The trial court sentenced defendant to six years in state prison—the low term of three years for the transportation for sale count plus three years for the firearm enhancement. The court stayed the sentence for the possession for sale count and for the gang enhancement.

Defendant appeals.

## DISCUSSION

### I. Sufficiency of the evidence

Defendant does not dispute that the driver transported drugs and possessed them for sale. Instead, he argues that there was insufficient evidence to support a finding that he aided and abetted the driver's crimes. In evaluating the sufficiency of the evidence, we ask whether there was "substantial evidence"—namely, evidence that is reasonable, credible and of solid value—to support the jury's finding. (*People v. Banks* (2014) 59 Cal.4th 1113, 1156, overruled in part on other grounds in *People v. Scott* (2015) 61 Cal.4th 363, 391.) In so doing, we view the evidence in the light most favorable to the jury's findings and draw all reasonable inferences to support those findings. (*Ibid.*) We also look to the entire record, including those portions that a defendant argues on appeal were improperly admitted. (E.g., *In re Z.A.* (2012) 207 Cal.App.4th 1401, 1425-1426 ["a reviewing court must consider even improperly admitted evidence in determining whether there is sufficient evidence to support a trier of fact's finding of guilt"]; *People v. Story* (2009) 45 Cal.4th 1282, 1297-1298 [same].)

3

To hold a defendant liable for a crime as an aider and abettor, the People must prove that he (1) by act or advise aided, promoted, encouraged or instigated the commission of the crime, (2) with knowledge of the perpetrator's unlawful purpose, and (3) with intent to promote, facilitate or encourage the charged offenses (in this case, transporting and possessing cocaine for sale). (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1054; *People v. Smith* (2014) 60 Cal.4th 603, 611; see also *People v. McCoy* (2001) 25 Cal.4th 1111, 1117 ["a person who aids and abets a crime is guilty of that crime even if someone else committed some or all of the criminal acts"]; Pen. Code, § 31.)

Defendant argues that there is insubstantial evidence that he did anything to help the driver sell drugs because (1) defendant testified that he had been asleep in the car during the July 2013 drug transactions, and (2) even if he had been awake, he was "merely present" because (a) "nobody saw him do anything" and (b) he had no drugs on his person when he was arrested. (*People v. Allen* (1985) 165 Cal.App.3d 616, 625 ["(m)ere presence at the scene of a crime, . . . even if combined with knowledge that the crime is being committed, does not amount to aiding and abetting"].)

However, there is substantial evidence to the contrary. At least one police officer saw defendant, the passenger, "seated upright" in the car, not slouched over in a sleeping position. Multiple officers testified that the driver's conduct was consistent with call and delivery drug sales. With such sales, the driver negotiates the drug sales and the passenger acts as a lookout, as security, and as a back-up seller to the driver. It is therefore of no moment that no one saw defendant *do* anything because his job was simply to keep his eyes open and to discourage theft or violence by being there. Further, in call and delivery drug transactions, it is unheard of for the passenger to be unaware of what is going on because he has access to the drugs, the money, and the loaded gun. In fact, this case does more than just fit the general pattern of call and delivery drug deals: Both defendant and the driver are documented members of Bryant Street, the gang engaged in drug sales, and defendant knows of the gang's drug sale activities. Defendant was also found in possession of drugs just two months before, which is admissible to show he was aware of the cocaine in the Maxima.

4

Although defendant presented conflicting evidence, that conflict does not preclude the People's evidence from being substantial. (*People v. Panah* (2005) 35 Cal.4th 395, 489.) It *was* substantial, and we accordingly have no basis for reversal.

## II. Evidentiary rulings

Defendant also argues that the trial court erred in admitting (1) evidence regarding his possession of cocaine in May 2013, and (2) gang expert testimony to prove his guilt of the underlying crimes. We review evidentiary rulings for an abuse of discretion. (*People v. Harris* (2005) 37 Cal.4th 310, 337.)

### A. *Evidence of defendant's possession of drugs in May 2013*

"As a general rule, evidence of prior uncharged [conduct] is inadmissible to prove the defendant had the propensity or disposition to commit the charged crime." (*People v. Hendrix* (2013) 214 Cal.App.4th 216, 238 (*Hendrix*); Evid. Code, § 1101, subd. (a).) However, the People may introduce prior uncharged conduct to prove matters other than a defendant's criminal disposition, such as his intent or knowledge. (§ 1101, subd. (b) [enumerating permissible purposes]; *People v. Williams* (2009) 170 Cal.App.4th 587, 607 (*Williams*).) The admissibility of "1101(b) evidence" depends upon three factors: (1) whether the uncharged conduct is being used to prove an ultimate fact at issue in the current case (*Hendrix*, at pp. 238-240); (2) whether the uncharged conduct has the requisite level of similarity to the charged crime(s) to have "substantial probative value" (*Ibid.*; *People v. Kelly* (2007) 42 Cal.4th 763, 783); and (3) whether the uncharged conduct is substantially more probative than prejudicial under Evidence Code section 352 (*People v. Lindberg* (2008) 45 Cal.4th 1, 22-24 (*Lindberg*)).

The trial court admitted evidence of defendant's possession of cocaine in May 2013 "for the limited purpose of determining whether on the date of the charged offenses [he] knew of the presence of the cocaine and knew the substance's nature or character as a controlled substance when he allegedly acted on July 24th of 2013." Defendant concedes that his knowledge is an ultimate fact at issue in this case, but asserts that the evidence of his earlier drug possession (1) is too dissimilar to have substantial probative value, or (2) has such minimal probative value that it is substantially outweighed by other

5

considerations under Evidence Code section 352—namely, that it is cumulative and unduly prejudicial. We disagree on both accounts.

Where, as here, evidence of an uncharged act is admitted to prove a defendant's knowledge or intent, the People need only show "sufficient[] similar[ity] to the charged offense to support the inference that the defendant probably acted with the same intent in each instance." (*Lindberg*, *supra*, 45 Cal.4th at p. 23; *Hendrix*, *supra*, 214 Cal.App.4th at pp. 242-243.) Although, as defendant points out, the current charges involve defendant's possession of small quantities of cocaine packaged for sale when defendant was in a car, while the prior incident involves his possession of small quantities of cocaine packaged for sale when defendant was on foot, both incidents nevertheless involve his possession of small quantities of cocaine packaged for sale. In this respect, because the prior incident was admitted to show defendant's knowledge of the drugs in the car and his intent to assist in their sale, that incident is not only similar to the current charges; it is effectively identical. (See *People v. Ghebretensae* (2013) 222 Cal.App.4th 741, 754 ["prior incidents of possession of an illegal drug are relevant to prove the knowledge element"].)

The admission of this evidence was also not cumulative or unduly prejudicial. Here, defendant disputed his awareness of the cocaine in the car, and the May 2013 incident is the only prior incident admitted to prove his knowledge to the contrary. (Cf. *Williams*, *supra*, 170 Cal.App.4th at p. 611 [excluding evidence where it "'would be merely cumulative regarding an issue that was not reasonably subject to dispute' (citation)"].) Evidence of the prior incident was surely prejudicial to defendant (as is all relevant evidence introduced by the People), but it was not unduly so. The trial court confined the evidence of the prior incident to the key details of defendant's prior possession, to the testifying officer's prior contacts with defendant, and to the fact that the incident occurred within Bryant Street territory. Moreover, the jury was instructed to consider the evidence solely for the limited purpose of proving defendant's knowledge. We presume the jury understood and followed the court's instructions. (*Williams*, at p. 607.)

6

In sum, there was no abuse of discretion.

**B.      *Gang expert testimony***

In addition to being relevant to prove gang enhancement allegations, gang expert testimony can also be relevant to prove one or more elements of a substantive crime if such testimony is "logically relevant to some material issue in the particular prosecution other than as [bad] character [] evidence." (*People v. Ruiz* (1998) 62 Cal.App.4th 234, 240; *People v. Avitia* (2005) 127 Cal.App.4th 185, 192; accord, *People v. Carter* (2003) 30 Cal.4th 1166, 1194). Because such testimony is "potentially inflammatory," a trial court must "carefully scrutinize gang related evidence before admitting it." (*People v. Albarran* (2007) 149 Cal.App.4th 214, 224.)

In this case, the trial court admitted the testimony of two gang experts demonstrating (1) defendant's self-admitted membership in Bryant Street, (2) his documented role as a drug dealer for Bryant Street, and (3) the role of a lookout in a call and delivery drug sale. Defendant argues that this was error because (1) this evidence was not relevant to prove his guilt of the charged crimes, and (2) its probative value was substantially outweighed by the danger of unfair prejudice and therefore should have been excluded under Evidence Code section 352.[1]

We conclude the trial court did not abuse its discretion in admitting the gang expert testimony. By disavowing any knowledge of the drugs in the car and testifying that he was asleep the whole time, defendant placed his knowledge and intent in dispute. The gang expert testimony was directly relevant to establish not only the charged gang enhancement, but also defendant's knowledge of the drugs in the car through his prior association with Bryant Street and its drug-dealing activities. The court was also careful to ensure that the probative value of this testimony was not unduly prejudicial to defendant: The court specifically excluded evidence of the driver's admissions of guilt to

---

[1]      Before trial, defendant unsuccessfully argued that any gang expert testimony was relevant solely to the gang enhancement allegation and that the trial on the allegation should be bifurcated from the trial on the underlying crimes. Defendant does not challenge this bifurcation ruling on appeal.

obviate any inference of guilt by association; the court also advised the jury to consider the evidence solely as it bore on defendant's knowledge and intent.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN

_____, J.
CHAVEZ